An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID ANTHONY GIBBS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63221

**FILED**

OCT 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of battery causing substantial bodily harm. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant David Anthony Gibbs contends that the district court abused its discretion by sentencing him to 18 to 48 months incarceration because it was too harsh under the circumstances. We disagree. This court has consistently afforded the district court wide discretion in its sentencing decision, *see, e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987). Although Gibbs requested a term of probation, the district court heard evidence that he had multiple probation violations and revocations. Gibbs' sentence falls within the relevant sentencing parameters, *see* NRS 193.130(2)(c); NRS 200.481(2)(b), and he does not allege that the statutes imposing punishment are unconstitutional. Having considered Gibbs' contention, we do not believe that the punishment imposed is grossly disproportionate to the gravity of the offense and Gibbs' history of recidivism. *See Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion); *Ewing v. California*, 538 U.S.

13-31171

11, 29 (2003) (plurality opinion). We conclude that the district court did not abuse its discretion, and we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Jerome Polaha, District Judge
Washoe County Alternate Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

---

[1]The fast track statement submitted by the Gibbs does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because the text is not double-spaced. Counsel is cautioned that the failure to comply with the formatting requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).

